Filed 8/22/14  P. v. Hudson CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LAMAR TYREEK HUDSON,<br><br>    Defendant and Appellant. | D064832<br><br><br><br>(Super. Ct. No. SCN320087) |

APPEAL from a judgment of the Superior Court of San Diego County, David L. Berry, Judge.  Affirmed.

Michelle Rogers, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

As part of a plea agreement, defendant and appellant Lamar Tyreek Hudson pled guilty to one count of robbery (Pen. Code, § 211) and one count of withholding a stolen vehicle (§ 496d).  The trial court sentenced Hudson to a stipulated sentence of three years eight months in state prison.

Hudson timely appealed from the judgment. Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, setting forth the facts of the case and requesting that we review the entire record. Pursuant to *Anders v. California* (1967) 386 U.S. 738, counsel refers to as a possible, but not arguable, issue: whether Hudson was sentenced in accordance with his guilty plea agreement. Hudson was granted 30 days to file a brief on his own behalf and has not done so.

### BACKGROUND

Hudson was charged with one count of robbery (Pen. Code, § 211), one count of unlawfully taking and driving a vehicle (Veh. Code, § 10851, subd. (a)), and one count of withholding a stolen vehicle (Pen. Code, § 496d), each with an allegation that Hudson was on bail at the time of the offense (Pen. Code, § 12022.1, subd. (b)).

Hudson pled guilty to robbery and withholding a stolen vehicle. In exchange for his change of plea, the People agreed to stipulate to a sentence of three years eight months in prison, to dismiss the remaining charge, and to dismiss an unrelated charge, with a *Harvey* waiver.[1] At a subsequent sentencing hearing, Hudson was sentenced to a term of three years eight months in prison.[2]

---

[1] *People v. Harvey* (1979) 25 Cal.3d 754 prohibits courts, in sentencing a defendant, from considering other charges that have been dismissed as part of a plea bargain, unless the defendant agrees that the court can consider such dismissed charges.

[2] The middle term for Penal Code section 211 (three years) and one-third of the middle term for Penal Code section 496d (eight months, which is one-third of two years), to be served consecutively.

## DISCUSSION

Hudson voluntarily stipulated to a sentence of three years eight months as part of his plea agreement with the People. Hudson was sentenced to three years eight months. Accordingly, we find no reasonably arguable appellate contention with respect to the issue referred to by counsel. Moreover, a review of the entire record pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436 has disclosed no other reasonably arguable appellate issue.

## DISPOSITION

The judgment is affirmed.

BENKE, Acting P. J.

WE CONCUR:

NARES, J.

O'ROURKE, J.